# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**ROY CASTON**                                                                                              **PLAINTIFF**

**V.**                                                        **NO. 4:18-CV-20-DMB-JMV**

**GKD MANAGEMENT, LP, d/b/a
A & G Commercial Trucking
a/k/a A & G Comm. Trucking; and
JOHN DOES 1-5**                                                 **DEFENDANTS**

## ORDER

Before the Court is the Mississippi Public Entity Workers Compensation Trust's motion for leave to file an intervening complaint. Doc. #13.

## I
## Relevant Procedural History

On February 9, 2018, Roy Caston filed a complaint in this Court alleging negligence against GKD Management, L.P. ("GKD"). Doc. #1. On February 26, 2018, Caston filed an amended complaint. Doc. #6. In the amended complaint, Caston alleges that on or about June 27, 2016, he was injured when the tractor he was driving was struck by a truck tractor owned by GKD and operated by Warren D. Clinton. *Id.* at 2. Caston alleges that at the time, Clinton "was acting within the course and scope of his employment with the Defendants …." *Id.*

On March 23, 2018, the Mississippi Public Entity Workers Compensation Trust ("Trust") filed a motion for leave to file an intervening complaint. Doc. #13. In the motion, the Trust asserts that Caston was an employee of Bolivar County, Mississippi, and was acting in the course and scope of his employment at the time he was injured in the collision; that the County secured workers' compensation coverage for its employees, including Caston, through the Trust; that as of March 2, 2018, the Trust had paid temporary total disability benefits, medical expenses, and other

payments on Caston's behalf pursuant to the Mississippi Workers' Compensation Act; and that "[p]ayments continue to be made for indemnity benefits and medical expense." *Id*. at 1–2. The Trust seeks leave to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) on the ground that it "has a statutory lien against any recovery made by [Caston], as well as a direct action against any tortfeasor whose negligence caused or contributed to the workplace accident and injury pursuant to §71-3-71 Miss. Code Ann." *Id*. (emphasis omitted). No opposition to the motion to intervene has been filed.

## II
## Standard

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who:"

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To be entitled to intervention as of right under the second prong of Rule 24(a):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016).

## III
## Analysis

The Trust's motion is timely, as it was filed well-before the close of discovery and because the motion does not seek to delay or reconsider phases of the litigation which have already progressed. *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 – 66 (5th Cir. 2016) ("Because the Association sought intervention before discovery progressed and

2

because it did not seek to delay or reconsider phases of the litigation that had already concluded, the Association's motion was timely."). And, because the Trust would be "entitled to repayment of the amount paid by [it] as compensation and medical expenses from the net proceeds of [this] action," it has an interest in this action. *See* Miss. Code Ann. § 71-3-71. Further, "if an employer or insurer does not join or intervene in an employee's third-party action, its subrogation claim is waived." *Liberty Mut. Ins. Co. v. Shoemake*, 111 So.3d 1207, 1215 (Miss. 2013). Thus, the Court concludes that all four requirements for intervention under Rule 24(a)(2) have been met and that, therefore, intervention is appropriate. *See Smith Petro. Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1114–15 (5th Cir. 1970) ("It has been held that where the state workmen's compensation law permits subrogation of a compensation carrier, the carrier is entitled to intervene as a matter of right.").

## IV
## Conclusion

The Trust's motion to intervene [13] is **GRANTED**. Within seven (7) days of the date of this order, the Trust may file the intervening complaint attached to its motion as an exhibit.

**SO ORDERED**, this 16th day of October, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**